UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SHAWN BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-CV-92 SNLJ |
| | ) | |
| UNKNOWN BARTLETT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.80, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will dismiss several of the defendants from this action.

### **Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff is incarcerated at the Southeast Correctional Center ("SECC"). Plaintiff alleges that on September 11, 2014, he covered the security camera in his cell with wet toilet paper so that he could have privacy while using the restroom. Afterward, he was given a conduct violation for destruction of property. Plaintiff denies that any damage was done to the camera.

Defendant Bartlett found plaintiff guilty of the charge, but he did not order plaintiff to pay restitution. Defendant Price, the Acting Functional Unit Manager, reviewed the decision and modified it so that plaintiff was required to pay $317.00 in restitution for damage to the camera. It is unclear whether plaintiff was given notice or a hearing to object to the fine.

Defendants Hanesbrink, Wallace, and Lombardi denied plaintiff's grievances on the matter.

## Discussion

The removal of funds from a prisoner's account without due process might state a claim for relief under § 1983. *See Montanez v. Boyd*, 344 Fed. Appx. 833, 835 (3rd Cir. 2009). As a result, the Court will order the Clerk to serve process on defendant Price.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff has not pled facts

showing that defendant Bartlett intended for plaintiff to be fined. As a result, the complaint fails to state a claim against him.

"Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted). Therefore, the complaint does not state a plausible claim against defendants Hanesbrink, Wallace, or Lombardi.

The complaint fails to state a claim against the Missouri Department of Corrections or SECC because they are not subject to suit under § 1983. *E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.,* 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not "person" subject to § 1983 suit). As a result, the complaint is dismissed as to these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.80 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendant M. Price.

**IT IS FURTHER ORDERED** that defendants Unknown Bartlett, Bruce Hanesbrink, Ian Wallace, George Lombardi, Southeast Correctional Center, and Missouri Department of Corrections are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 5th day of August, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE